# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 14-184
**Filed: December 12, 2014**

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * | * | UNPUBLISHED |
| THOMAS SAUNDERS and ASHLEY | * | |
| SAUNDERS, as Parents and Next Friends of | * | |
| T.A.S., a minor, | * | |
| | * | Special Master Dorsey |
| Petitioners, | * | |
| | * | |
| v. | * | |
| | * | Joint Stipulation on Damages; |
| SECRETARY OF HEALTH | * | Influenza (Flu) vaccine; |
| AND HUMAN SERVICES, | * | Acute Disseminated |
| | * | Encephalomyelitis (ADEM). |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * * | | |

Bryant L. Lewis, Lewis & Johnson, Attorneys at Law, Knoxville, TN, for petitioners.
Glenn MacLeod, United States Department of Justice, Washington, DC, for respondent.

### DECISION[1]

On March 5, 2014, Thomas and Ashley Saunders ("petitioners") filed a petition, on behalf of their minor child, T.A.S., pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2006). Petitioners alleged that their child developed acute disseminated encephalomyelitis ("ADEM") as a result of an influenza ("flu") vaccination that he received on October 17, 2012. See Petition at 1. Petitioners further alleged that he

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged and confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

experienced the residual effects of these injuries for more than six months.  Id. at 3.

On December 12, 2014, the parties filed a stipulation, stating that a decision should be entered awarding compensation.

Respondent denies that the injury alleged or any other injury was caused-in-fact by T.A.S.'s October 17, 2012 influenza vaccine and denies that his current disabilities are sequelae of this injury.  Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A.  The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulated that petitioner shall receive the following compensation:

**A lump sum of $160,000.00, in the form of a check payable to petitioners, as parents and legal representatives of T.A.S., a minor,** representing compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

Stipulation ¶ 8.

The undersigned approves the requested amount for petitioner's compensation.  Accordingly, an award should be made consistent with the stipulation.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

s/ Nora Beth Dorsey<br>
Nora Beth Dorsey<br>
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * * * * * * *
                                                 *
THOMAS AND ASHLEY SAUNDERS, as                   *
Parents and Next Friends of T.A.S., a minor,     *
                                                 *
                    Petitioners,                 *
                                                 *    No. 14-184V (ECF)
v.                                               *    SPECIAL MASTER
                                                 *    NORA B. DORSEY
                                                 *
SECRETARY OF HEALTH                              *
AND HUMAN SERVICES,                              *
                                                 *
                    Respondent.                  *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

STIPULATION

The parties hereby stipulate to the following matters:

1. Thomas Saunders and Ashley Saunders, as the parents of T.A.S. ("petitioners"), filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to T.A.S.'s receipt of trivalent influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. T.A.S. received a flu vaccination on or about October 17, 2012.

3. The vaccine was administered within the United States.

4. Petitioners claim that T.A.S. suffered acute disseminated encephalomyelitis ("ADEM"), which was caused in fact by the flu immunization he received on or about October 17, 2012.

5. Petitioners represent that there has been no prior award or settlement of a civil action for damages on behalf of T.A.S. as a result of his alleged vaccine injury.

6. Respondent denies that the flu vaccine caused T.A.S.'s alleged ADEM or any other injury, and further denies that his current disabilities are a sequela of a vaccine-related injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioners have filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $160,000.00, in the form of a check payable to petitioners, as parents and legal representatives of T.A.S., a minor, representing compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioners have filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioners and their attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a prepaid basis.

11. Payment made pursuant to paragraph 8 of this Stipulation and any amounts awarded pursuant to paragraph 9 will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorney's fees and litigation costs, and past unreimbursed expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of T.A.S. as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. Petitioners represent that they presently are, or within 90 days of the date of judgment will become, duly authorized to serve as guardians/conservators of T.A.S.'s estate under the laws of the State of Georgia. No payments pursuant to this Stipulation shall be made until petitioners provide the Secretary with documentation establishing their appointment as guardians/conservators of T.A.S.'s estate. If petitioners are not authorized by a court of competent jurisdiction to serve as guardians/conservators of the estate of T.A.S. at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of T.A.S. upon submission of written documentation of such appointment to the Secretary.

14. In return for the payments described in paragraphs 8 and 9, petitioners, in their individual capacity, and on behalf of T.A.S.'s heirs, executors, administrators, successors, and assigns, do forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all

demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the United States Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of T.A.S. resulting from, or alleged to have resulted from, the flu vaccination administered on or about October 17, 2012, as alleged by petitioners in a petition for vaccine compensation filed on or about March 5, 2014, in the United States Court of Federal Claims as petition No. 14-184V.

15. If T.A.S. should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

16. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the United States Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

17. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

18. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccination caused T.A.S.'s alleged ADEM or any other injury or any of his current disabilities.

19. All rights and obligations of petitioners hereunder shall apply equally to petitioners' heirs, executors, administrators, successors, and/or assigns, as legal representatives of T.A.S.

END OF STIPULATION

Respectfully submitted,

**PETITIONERS:**

*/s/ Thomas Saunders*
THOMAS SAUNDERS

*/s/ Ashley Saunders*
ASHLEY SAUNDERS

**ATTORNEY OF RECORD FOR PETITIONERS:**

*/s/ Bryant L. Lewis*
BRYANT L. LEWIS, ESQ.
LEWIS & JOHNSON
10255 KINGSTON PIKE
KNOXVILLE, TENNESSEE 37922
Tel: (865) 494-1615
Fax: (865) 494-1619

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

*/s/*
A. MELISSA HOUSTON, M.D., M.P.H, FAAP
Director, Division of
Injury Compensation Programs (DICP)
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Stop 11C-26
Rockville, MD 20857

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

*/s/ Vincent J. Matanoski*
VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U. S. Department of Justice
P. O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**ATTORNEY OF RECORD FOR RESPONDENT:**

*/s/ Glenn A. MacLeod*
GLENN A. MACLEOD
Senior Trial Counsel
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-4122

Dated: 12/12/14